UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD EUGENE ROSE,

    Petitioner,

v.

JAMES HILL, et al.,

    Respondents.

Case No. 21-12702
Honorable Laurie J. Michelson

## OPINION AND ORDER
## DISMISSING PETITION FOR WRIT OF HABEAS CORPUS [1]

Donald Eugene Rose, currently incarcerated in California, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Rose challenges his 2013 convictions in Genesee County Circuit Court (in Michigan) for, among other things, attempted second-degree criminal sexual conduct. (ECF No. 1, PageID.1.) Rose says that the Michigan law he was convicted under has since been repealed and a new standard should apply to his conviction and sentencing. (*Id.* at PageID.6.)

But Rose already filed a petition for a writ of habeas corpus in this District that seeks relief for the same convictions and for the same reason. The only difference is the prior petition was brought against the State of Michigan, while this petition is brought against the warden of his current prison, the California Attorney General, and other California officials. The prior petition was dismissed less than three months ago because the district court lacked jurisdiction, and no circumstances have

1

changed such that this Court now has jurisdiction. So the petition that is before this Court is DISMISSED WITH PREJUDICE.

I.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *See* Rule 4, Rules Governing § 2254 Cases; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (stating that under § 2243, the district court has a duty to screen out a habeas corpus petition which is meritless on its face).

Based on this screening, and for the same reason that the previous petition was dismissed, the Court finds that it does not have jurisdiction over Rose's habeas petition because Rose is not "in custody" for the convictions he challenges.[1]

---

[1] The petition before this Court is a second or successive habeas petition that requires authorization from the Sixth Circuit before this Court can consider the merits of the petition. *See, e.g., Moreland v. Robinson*, 813 F.3d 315, 322 (6th Cir. 2016). But since the custody requirement is also a threshold jurisdictional issue, *see Hautzenroeder v. DeWine*, 887 F.3d 737, 740 (6th Cir. 2020), the Court decides that first. *See In re 2016 Primary Election*, 836 F.3d 584, 587 (6th Cir. 2016) ("Federal law does not provide any order of battle in this setting. It simply does not dictate a sequencing of jurisdictional issues. All that matters is that courts must decide jurisdictional issues before merits issues. Deciding one jurisdictional issue before another makes no assumption of law-declaring power. That gives us discretion to address jurisdictional issues in any sequence we wish, including by resolving the eas[y] rather than the more difficult jurisdictional issue.").

Rose filed a habeas petition in this District on September 9, 2021 that is identical to his petition here. He seeks relief for the same underlying convictions. His previous petition states that "in 2013 [Rose] pleaded nolo contendere to attempted second-degree criminal sexual conduct, felonious assault, and domestic violence in Genesee County Circuit Court." *Rose v. Michigan*, No. 2:21-CV-12198, 2021 WL 4480201, at *1 (E.D. Mich. Sept. 30, 2021). These are the exact same charges that Rose seeks relief from in this petition. (ECF No. 1, PageID.1.) He also states in both petitions that the sentence for these charges was 17 months and he was sentenced in the fall of 2013, as confirmed by the Genesee County register of actions. (*See id.*); *see also Rose*, 2021 WL 4480201 at *1 ("Petitioner was sentenced to seventeen months' imprisonment and did not appeal the convictions or sentence . . . The Genesee County Circuit Court register of actions listed Petitioner's sentence as beginning on November 25, 2013.").

And his reasons for seeking relief are also identical. In both petitions, he states that the law he was convicted under was repealed in 2015, and there is a new standard that impacts his conviction and sentencing. (ECF No. 1, PageID.6); *Rose*, 2021 WL 4480201 at *1.

As the underlying charges and sentence are the same as the petition that was previously dismissed, this Court similarly concludes that Rose has not met the custody requirement for this Court to consider the petition.

A district court shall entertain a habeas petition on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in

3

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). And once a sentence for a conviction has fully expired, a habeas petitioner is no longer "in custody" for that offense and cannot bring a habeas petition solely for that conviction. *See Maleng v. Cook*, 490 U.S. 488, 490–92 (1989) ("We have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968))). The United States Supreme Court has "never held, however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." *Maleng*, 490 U.S. at 491 (emphasis in original). The "in custody" requirement is jurisdictional, which means that if a petitioner is not "in custody" for the convictions he challenges when he files his petition, a district court may not consider it. *Hautzenroeder v. DeWine*, 887 F.3d 737, 740 (6th Cir. 2020).

As already determined in his previous habeas petition, Rose has fully served his sentence for his Genesee County convictions. His petition states he was convicted in 2013 and sentenced to 17 months. (ECF No. 1, PageID.1.) And both the Genesee County Circuit Court register and Michigan Department of Corrections website corroborate that Rose began his 17-month sentence in November 2013 and that he is no longer listed as an MDOC offender. *See Rose*, 2021 WL 4480201, at *1 (citing the register and MDOC website). Rose also offers no explanation or argument as to why he should be considered "in custody" for purposes of this petition, despite being

4

presented with this analysis when his previous petition was denied. So Rose's current petition will also be denied on the same grounds.

For the foregoing reasons, the Court DISMISSES Rose's Petition for a Writ of Habeas Corpus.

SO ORDERED.

Dated: December 16, 2021

                                          s/Laurie J. Michelson
                                          LAURIE J. MICHELSON
                                          UNITED STATES DISTRICT JUDGE